UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN KUECK and TAYLOR KUECK,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVENS COUNTY, et al.,<br><br>Defendants. | NO. 2:15-CV-00061-JLQ<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Motion for Order Adopting Stipulation for Protective Order (ECF No. 16) and the Stipulation and Proposed Order (ECF No. 17-1). The Proposed Order defines "Protected Documents" as "all records contained in the personnel files and disciplinary files for Michael Gilmore and Mathew Enzler...". Gilmore is a named Defendant in this matter, but Enzler is not.

It is this court's general policy not to enter 'blanket' protective orders. The Ninth Circuit also generally does not approve of 'blanket' protective orders. See *Foltz v. State Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Rule 26(c) provides that upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. No documents have been provided to the court for a determination of whether good cause exists for a protective order.

**IT IS HEREBY ORDERED:**

ORDER - 1

1. The Motion for Protective Order (ECF No. 16) is **DENIED**.

2. The parties are free to make agreements concerning the conduct of discovery, and apparently have so agreed.  The court will not enter a Protective Order without a particularized showing as to specific documents, however the denial of court participation in the agreement between the parties shall not affect the validity of the agreement as between the parties.  The parties have stipulated to certain terms and conditions to maintain the confidentiality of certain documents.  Should the parties have need to file any of the documents with the court, they may file the documents under seal along with a motion to seal, and at that time the court will determine if it is appropriate to seal the documents.  The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 11th day of July, 2015.

                                         s/ Justin L. Quackenbush
                              JUSTIN L. QUACKENBUSH
                       SENIOR UNITED STATES DISTRICT JUDGE